IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| MONIQUE THOMAS-VIERRA, Individually and on behalf of her minor children, STEPHANIE JACKSON, MICHELLE VIERRA-FOGGIE, <br> Plaintiffs <br> Vs <br><br> JOHNNY FAULKNER, BADGE NUMBER 7444, LOUIS WEBER, BADGE NUMBER 9787, JOHN DOE, ONE UNKNOWN CITY OF NEWARK POLICE OFFICER, in their Individual and Official Capacities, MODESTO MIRANDA, BADGE NUMBER 6371, EDWARD VERNOTICA, BADGE NUMBER 6377, JOSEPH JULIANO, BADGE NUMBER 6929, RICARDO SANTOS, BADGE NUMBER 10048 WILLIAM BRADY, BADGE NUMBER 6912 TWO UNKNOWN CITY OF NEWARK NEW JERSEY EMPLOYEES in their Individual and Official Capacities, and THE CITY OF NEWARK, NEW JERSEY, <br> Defendants | CIVIL NO. 2:09-cv-06464-SRC-MAS <br><br> JURY TRIAL DEMAND |

## FIRST AMENDED COMPLAINT

**COMES NOW THE PLAINTIFFS:** MONIQUE THOMAS-VIERRA Individually and as Mother to minor children Destinie Simone Vierra; Steven Elijah-Darice Vierra, Jr.; Brianna Carol-Agnes Vierra, STEPHANIE JACKSON,

1

the Sister of Steven Vierra, Sr., and MICHELLE VIERRA-FOGGIE the Sister of Steven Vierra. Sr. by and through their attorney Raymond Steven Sussman, Esquire, and complain of the Defendants JOHNNY FAULKNER AND LOUIS WEBER, in their Individual and Official Capacities, and THE CITY OF NEWARK NEW JERSEY as follows

## PARTIES

1. Plaintiff MONIQUE THOMAS-VIERRA is an adult citizen of the United States and a resident of the State of New Jersey and is the natural Mother of the minor children of the deceased Steven Vierra.

2. Plaintiff STEPHANIE JACKSON is an adult citizen of the United States and a resident of the State of New York. She was the biological Sister of the deceased Steven Vierra.

3. Plaintiff MICHELLE VIERRA-FOGGIE is an adult citizen of the United States and a resident of the State of New York. She was the biological Sister of the deceased Steven Vierra.

4. Defendants JOHNNY FAULKNER, LOUIS WEBER AND JOHN DOE I UNKNOWN CITY OF NEWARK NEW JERSEY POLICE OFFICER, at all times relevant, Defendants JOHNNY FAULKNER, LOUIS WEBER, MODESTO MIRANDA, EDWARD VERNOTICA, JOSEPH JULIANO,

RICARDO SANTOS, WILLIAM BRADY, were acting under color of law, and were agents, servants, and/or employees of Defendant CITY OF NEWARK, NEW JERSEY and were acting within the scope of their agency service, and/or employment with Defendant CITY OF NEWARK, NEW JERSEY.

5. Defendant CITY OF NEWARK, NEW JERSEY is a municipal corporation organized and existing under the laws of the State of New Jersey, and at all times relevant, was providing police services in the City of Newark, New Jersey through the Newark Police Department.

## JURISDICTION AND VENUE

6. This is an action brought pursuant to 42 U.S.C.§ 1983, § 1985, the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and the Laws of the State of New Jersey.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C.§ 1331, and § 1367.

8. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391, in that all Defendants are residents of this district and all the acts or omissions which gave rise to this cause of action occurred in this district.

## FACTS

9. On February 13, 2009 at approximately 9:30pm in the City of Newark, New Jersey the decedent STEVEN VIERRA was standing on the

sidewalk of Clinton Place near the intersection of Weequahic Avenue at which time he was shot once in the back of the head and twice in the back by Defendants Johnny Faulkner and Louis Weber.

10. The decedent STEVEN VIERRA was transported to the University Hospital located in Newark, New Jersey where he was pronounced dead at 10:03pm.

11. The Newark Police Department did not conduct a crime-scene investigation until the following morning. The scene of the shooting was not isolated or contained to protect any evidence or intrusion by the general public during that evening.

12. The Plaintiffs attempted to obtain an explanation from the Newark Police Department as to the circumstances of the shooting but were not provided with a single detail. The Defendants acting in concert and under color of law, obstructed justice and altered evidence, reports, and press releases to conceal the actual facts and circumstances the knowledge of which should have been divulged to the Plaintiffs, the Public-at-Large and the Press since citizens of the United States enjoy a Government of the People, by the People, and for the People and not exclusively for the Defendants.

## **COUNT I - 42 U.S.C.§ 1983 & § 1985 (JOHNNY FAULKNER AND LOUIS WEBER )**

13. Plaintiffs reallege paragraphs 1-12 of this Complaint as though fully set forth herein of this Count I as paragraph 13.

14. Without due process of the law, the Defendants Johnny Faulkner and Louis Weber acting under color of the law in their personal capacity, combined, conspired, acted in concert to deny and did deny the decedent STEVEN VIERRA his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. The Defendant's conduct was objectively unreasonable, constituted the use of excessive force, and deprived STEVEN VIERRA of his right to be secure in his person against unreasonable seizure as guaranteed under the Fourth Amendment to the United States Constitution.

15. Without due process of the law, the Defendants Johnny Faulkner and Louis Weber in their personal capacity and acting under color of the law in their personal capacity, combined, conspired, acted in concert to deny and did deny the decedent STEVEN VIERRA his right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment to the United States Constitution. The Defendants conduct was objectively unreasonable, constituted excessive force when they shot and killed STEVEN VIERRA.

16. The conduct of the Defendants Johnny Faulkner and Louis Weber in killing STEVEN VIERRA constituted deliberate indifference to the civil right of STEVEN VIERRA not to be deprived of life, liberty, or property without due process of the law and to be accorded the equal protection of the laws as guaranteed under the Fourteenth Amendment to the United States Constitution.

17. The conduct of Defendants Johnny Faulkner and Louis Weber as described above deprived Plaintiffs MONIQUE THOMAS-VIERRA, her minor children, STEPHANIE JACKSON, and MICHELLE VIERRA-FOGGIE of their right not to be deprived of life, liberty, or property without due process of the law and to be accorded equal protection of the laws as guaranteed them under the Fourteenth Amendment to the Constitution of the United States.

18. As the direct and proximate result of the conduct of the Defendants Johnny Faulkner and Louis Weber, Plaintiffs suffered substantial and permanent injuries, including mental pain and suffering, pecuniary loss, and the loss of decedent STEVEN VIERRA's society.

19. The conduct of JOHNNY FAULKNER AND LOUIS WEBER was intentional, wanton, malicious, and oppressive, entitling Plaintiff to compensatory and punitive damages.

**WHEREFORE:** Plaintiffs MONIQUE THOMAS-VIERRA, Individually and on behalf of her minor children, STEPHANIE JACKSON, MICHELLE

VIERRA-FOGGIE pray for judgment in their favor and against Defendants JOHNNY FAULKNER AND LOUIS WEBER and THE CITY OF NEWARK, NEW JERSEY in an amount in excess of the jurisdictional limit of this Court.

### COUNT II – STATE LAW: SURVIVAL
### (CITY OF NEWARK NEW JERSEY and JOHNNY FAULKNER AND LOUIS WEBER )

20. Plaintiffs reallege paragraphs 1-19 of Count I this Complaint as though fully set forth herein as paragraph 20 of COUNT II.

21. At all times relevant, it was the duty of Defendants JOHNNY FAULKNER AND LOUIS WEBER and THE CITY OF NEWARK NEW JERSEY to refrain from willful and wanton conduct exhibiting a reckless or intentional disregard for the safety of others including the decedent STEVEN VIERRA.

22. Notwithstanding said duty, Defendants JOHNNY FAULKNER AND LOUIS WEBER and THE CITY OF NEWARK NEW JERSEY committed one or more of the following willful and wanton acts and/or omissions:

   a. Recklessly and intentionally shot STEVEN VIERRA three times. One shot to the back of the head and two shots to his back causing his untimely death.

   b. Recklessly and intentionally failed to administer emergency life preserving medical procedures with which the Defendants JOHNNY FAULKNER

AND LOUIS WEBER were adequately and fully trained to administer when they knew or should have known that STEVEN VIERRA was in physical distress and danger.

    c.    Recklessly and intentionally fled the scene and allowed the decedent STEVEN VIERRA to bleed to death on the sidewalk.

    23.    As a direct and proximate result of one or more of the foregoing reckless and/or intentional acts and/or omissions, STEVEN VIERRA suffered permanent injuries of a personal and pecuniary nature, including pain and suffering prior to his death and medical and final expenses. The Plaintiffs seek damages compensable under the State of New Jersey "Survival Act" N.J.S.A. 2A;14-5 against the Defendants.

    **WHEREFORE:** Plaintiffs MONIQUE THOMAS-VIERRA, Individually and on behalf of her minor children, STEPHANIE JACKSON, MICHELLE VIERRA-FOGGIE pray for judgment in their favor and against Defendants JOHNNY FAULKNER AND LOUIS WEBER and THE CITY OF NEWARK, NEW JERSEY in an amount in excess of the jurisdictional limit of this Court together with interest, costs of suit and attorney's fees and such other relief as the Court deems proper.

# COUNT III – STATE LAW: WRONGFUL DEATH

# (CITY OF NEWARK NEW JERSEY and JOHNNY FAULKNER AND LOUIS WEBER )

24. Plaintiffs reallege paragraphs 1-23 of this Complaint as if fully set forth herein as paragraph 24.

25. As a result of the acts/or omissions of the Defendants as set forth herein, Decedent STEVEN VIERRA suffered serious emotional and bodily injuries resulting in his death on February 14, 2009.

26. Plaintiffs (as STEVEN VIERRA'S surviving wife, children and sisters are entitled to recover damages as STEVEN VIERRA would have if he were living, as a result of the acts and/or omissions of the Defendants as specifically pled herein pursuant to N.J.S.A. 2A:15-3

27. Plaintiffs are entitled to recover punitive damages and damages for the pain and suffering caused to STEVEN VIERRA from the acts and omissions of the Defendants as specifically pled herein, including, without limitation, punitive damages pursuant to N.J.S.A. 2A:15-3.

**WHEREFORE:** Plaintiffs MONIQUE THOMAS-VIERRA, Individually and on behalf of her minor children, STEPHANIE JACKSON, MICHELLE VIERRA-FOGGIE demand judgment in this Court in their favor and against Defendants JOHNNY FAULKNER AND LOUIS WEBER and THE CITY OF

NEWARK, NEW JERSEY in an amount in excess of the jurisdictional limit of this Court. In addition and in the alternative for the damages resulting in the death of STEVEN VIERRA including, without limitation, STEVEN VIERRA'S pecuniary injury, together with all hospital, medical and funeral expenses as specifically provided for under the State of "New Jersey Wrongful Death Act," N.J.S.A. 31-1 *et seq.*, as well as compensatory damages, treble damages, exemplary damages, attorney's fees, interests and costs of suit, including without limitation, punitive damages as provided for under the State of "New Jersey Survivors Act," N.J.S.A. 2A:15-3 *et seq.*, and all such other relief as the Court deems just.

## COUNT IV – LOSS OF CONSORTIUM

28. Plaintiffs reallege and incorporate by reference paragraphs 1-27 of this complaint as if fully set forth herein as paragraph 28.

29. By reason of the foregoing, STEVEN VIERRA'S wife and minor children and his sisters, (the Plaintiffs), have necessarily paid and have become liable to pay for medical aid, treatment, attendance and medications, and will be necessarily incur further expenses of a similar nature in the future.

30. By reason of the foregoing, STEVEN VIERRA'S wife and minor children and his sisters, (the Plaintiffs), have been caused presently and in the future the loss of STEVEN VIERRA'S companionship, services, and society.

**WHEREFORE:** Plaintiffs MONIQUE THOMAS-VIERRA, Individually and on behalf of her minor children, STEPHANIE JACKSON, MICHELLE VIERRA-FOGGIE demand judgment in their favor and against Defendants JOHNNY FAULKNER AND LOUIS WEBER and THE CITY OF NEWARK, NEW JERSEY for compensatory damages and punitive damages, together with interests, costs of suit and attorney's fees and such other relief as the Court deems due and proper.

### COUNT V – CONSPIRACY TO OBSTRUCT JUSTICE

31. Plaintiffs reallege and incorporate by reference paragraphs 1-30 of this complaint as if fully set forth herein as paragraph 31

32. The Defendants JOHNNY FAULKNER AND LOUIS WEBER, in their Individual and Official Capacities, MODESTO MIRANDA, BADGE NUMBER 6371, EDWARD VERNOTICA, BADGE NUMBER 6377, JOSEPH JULIANO, BADGE NUMBER 6929, RICARDO SANTOS, BADGE NUMBER 10048 WILLIAM BRADY, BADGE NUMBER 6912, TWO UNKNOWN CITY OF NEWARK EMPLOYEES in their Individual and Official Capacities and THE CITY OF NEWARK NEW JERSEY combined, conspired, agreed, had a meeting of their minds to deny and did deny the Plaintiffs' Civil Rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution when they acted to cover-up the facts and truth of the events set forth in these pleadings.

33. The Defendants covered up evidence, altered reports, forged signatures to investigation reports with the goal of obstructing the investigation into this matter in violation of 42 U.S.C.§ 1983 all in violation of 42 U.S.C.§ 1985.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiffs demand judgment as follows:

A. Awarding Plaintiffs compensatory damages under the Wrongful Death/Survival Act N.J.S.A. 2A;14-5, against the Defendants in the amount of $5,000,000.00 which is sufficient to fairly and completely compensate Plaintiffs for all compensatory damages, Plaintiffs seek damages in their own right compensable under the New Jersey Wrongful Death/Survival Act, N.J.S.A.;2A:15-3 against the Defendants.

B. Awarding Plaintiffs treble damages against the Defendants so to fairly and completely compensate Plaintiffs for all compensatory damages, and to deter similar wrongful conduct in the future. In addition and in the alternative for the damages resulting in the death of STEVEN VIERRA including, without limitation, STEVEN VIERRA'S pecuniary injury, together with all hospital, medical and funeral expenses as specifically provided for under the State of "New Jersey Wrongful Death Act," N.J.S.A. 31-1 *et seq*., as well as compensatory damages, treble damages, exemplary damages, attorney's fees, interests and costs of suit, including without limitation, punitive damages as provided for under the State of

"New Jersey Survivors Act," N.J.S.A. 2A:15-3 *et seq.*, and all such other relief as the Court deems just.

C.   Awarding Plaintiffs punitive damages against the Defendants in an amount of $15,000,000.00 to punish Defendants for their wrongful conduct and to deter similar wrongful conduct in the future;

D.   Awarding Plaintiffs costs and disbursements, costs of investigations, attorney's fees and such other relief available under the State of New Jersey and Federal Laws;

E.   Awarding that the costs of this action be taxed against the Defendants; and

F.   Awarding such other and further relief as the Court may deems due, just and proper.  In addition and in the alternative for the damages resulting in the death of STEVEN VIERRA including, without limitation, STEVEN VIERRA'S pecuniary injury, together with all hospital, medical and funeral expenses as specifically provided for under the State of "New Jersey Wrongful Death Act," N.J.S.A. 31-1 *et seq.*, as well as compensatory damages, treble damages, exemplary damages, attorney's fees, interests and costs of suit, including without limitation, punitive damages as provided for under the State of "New Jersey Survivors Act," N.J.S.A. 2A:15-3 *et seq.*, and all such other relief as the Court deems just.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury.

Dated   May 14, 2010

    Respectfully Submitted,

*S/Raymond Steven Sussman*

Raymond Steven Sussman, Esquire
Attorney at Law
4523 Avenue H
Brooklyn, New York 11234-1409
Telephone (718)-338-3302
Facsimile   (347)-438-3338
E-Mail-raymond@raymondsussmanlaw.com